THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN E. GUPTON, Defendant-Appellant.

First District (4th Division)   No. 84—3086

Opinion filed December 26, 1985.

Jerome Feldman, of Chicago (Judith A. Halprin, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Peter D. Fischer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

Following a stipulated bench trial in the circuit court of Cook County, defendant was found guilty of driving in the wrong lane and driving under the influence of alcohol and drugs (Ill. Rev. Stat. 1983, ch. 95½, pars. 11—501.1, 11—701), then placed on conditional discharge for one year and fined $400. Defendant now appeals from this judgment, contending that the trial court erred in denying his motion to quash his arrest and suppress the evidence resulting therefrom.

The record shows that about 12:30 a.m. on May 22, 1984, police officer Mark Jones of the Glencoe police department was patrolling in vicinity of Tower Road at the entrance to the Edens Expressway.

Jones was traveling westbound on Tower en route to the village incinerator site, which is located just outside the village limits in an unincorporated area of Cook County. Defendant was driving eastbound on the same road at that time.

As he proceeded, Jones observed defendant cross the double yellow line into his traffic lane, then make a left turn from Tower Road toward the entrance ramp to the Edens Expressway. In executing the turn defendant drove off the paved area onto the shoulder, then back to the paved area and onto the grassy area on the opposite side before returning to the ramp and onto the expressway. Based on these observations, which occurred outside the village limits, Jones curbed the automobile and cited defendant for driving in the wrong lane.

When the officer spoke with defendant, he detected a strong odor of alcohol on defendant's breath and noted that his speech was "thick-tongued" and slurred. Jones asked defendant to perform two field-sobriety tests and observed that defendant was staggering and was unable to successfully complete the finger-to-nose test. As a result Jones determined that defendant was under the influence of alcohol and requested that he accompany him to Highland Park Hospital, where blood and urine samples were taken from him and later analyzed by the Northern Illinois Crime Laboratory. These tests revealed the presence of .22% ethyl alcohol in defendant's blood, as well as the presence of cocaine and another drug.

Prior to trial, defendant filed a motion to quash his arrest and suppress evidence, alleging that Officer Jones had no authority to effectuate the arrest since the acts attributed to him occurred outside the territorial jurisdiction of the village of Glencoe. At the hearing on defendant's motion, Officer Jones acknowledged that at the time of the arrest he did not have a warrant for his arrest or seizure nor any information that defendant was driving a stolen vehicle. He further stated that he stopped defendant because he saw him straddling the center lane on Tower Road, and that when he observed the violation he knew that it did not occur within the Glencoe village limits.

Defendant presented the testimony of his companions that evening who stated that they were driving in a van ahead of him. While watching to see that defendant was following them, they did not observe him cross over the double yellow line or see any of the vagaries attributed to defendant's operation of the vehicle by the officer. They both acknowledged, however, that they had spent the evening drinking at a Northfield bar with defendant, and asserted that Officer Jones was parked on Frontage Road just before Tower Road. Jones denied these assertions in his rebuttal testimony, and stated that he

observed defendant while on the roadway.

The court rejected the testimony presented by the defense witnesses and found that Jones had a reasonable basis for stopping and arresting the defendant. Since Jones was outside of his territorial limits, however, the court found that the arrest was not made under his authority as a police officer, but as a private citizen. The court also ruled that the results of the chemical tests were admissible into evidence and denied both of defendant's motions. Following a conference with the court, defendant stipulated to the testimony and physical evidence presented by the State; the court found him guilty of driving in the wrong lane and while under the influence of alcohol and drugs, then entered the agreed disposition set forth above.

Defendant now appeals from that order contending solely that the trial court erred in denying his motion to quash his arrest and suppress the evidence resulting therefrom. Defendant contends that the officer had no authority to effectuate the arrest since the offense took place outside of his jurisdiction. Further, defendant says that the arrest cannot be upheld as a citizen's arrest because improper lane usage is an ordinance violation, and citizens are not empowered to arrest on that basis. Defendant also contends that since the arrest was unlawful, all of the evidence obtained as a result of the arrest should be suppressed. The State responds that the arrest was valid as an arrest made by a private citizen, and that the officer's subsequent request of defendant to submit to chemical tests was proper pursuant to his official capacity as a law enforcement officer.

■ At common law, municipal and county police officers generally had no power to make an arrest outside the territorial limits of the political entity which appointed them to their office unless they were in hot pursuit of a suspected felon who was fleeing from that territory. (*People v. Marino* (1980), 80 Ill. App. 3d 657, 400 N.E.2d 491.) We note, however, that this rule has been modified somewhat by statute. Under the Illinois Municipal Code, a police district is deemed to be composed of the territory embraced within the corporate limits of adjoining municipalities within any county in this State (Ill. Rev. Stat. 1983, ch. 24, par. 7—4—7), and that the police in any municipality in such a district may go into any part of the district to suppress a riot, to preserve the peace and to protect the lives, rights and property of citizens (Ill. Rev. Stat. 1983, ch. 24, par. 7—4—8).

The State maintains that these statutes give further support to the trial court's denial of defendant's motion since at the time the officer observed the offense he was on legitimate police business within an unincorporated area of Cook County of which Glencoe is a part.

Under these circumstances, the State argues that the officer had the authority and obligation to arrest defendant in order to preserve the peace and to protect the lives and property of citizens driving on the road. We need not decide whether Jones was empowered to make an arrest in his official capacity under these provisions, however, for we find that he had authority to arrest defendant as a private citizen. *People v. Rowe* (1984), 128 Ill. App. 3d 721, 471 N.E.2d 578; see also *People v. Lawson* (1976), 36 Ill. App. 3d 767, 345 N.E.2d 41.

Section 107—3 of the Code of Criminal Procedure of 1963 provides that:

> "Any person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation is being committed." (Ill. Rev. Stat. 1983, ch. 38, par. 107—3.)

In the instant case, the trial court found that the officer witnessed the defendant violate the provisions of section 11—701 of the Illinois Vehicle Code by crossing the double yellow line which separates the east and west traffic on Tower Road and by proceeding the wrong way in the westbound lane. This conduct was not an ordinance violation, as alleged by defendant, but rather a violation of the Illinois Vehicle Code, which rendered him subject to arrest by a private citizen. Under the circumstances evident in this record, we find that the officer had reasonable grounds to effectuate the arrest as a private citizen, and that the validity of the arrest was not negated by the fact that it was made under color of authority which he did not possess at the time. *People v. Rowe* (1984), 128 Ill. App. 3d 721, 471 N.E.2d 578; *People v. Marino* (1980), 80 Ill. App. 3d 657, 400 N.E.2d 491.

The remaining question is the validity of Jones' request to defendant that he submit to the chemical tests since, at the time of the arrest, he lacked the authority to arrest as a peace officer. The trial court held that Jones, who had made a legitimate citizen's arrest, could properly request that defendant submit to the chemical tests pursuant to his capacity as a law enforcement officer. In reaching this conclusion the court relied upon the decision reached in *State v. McDonald* (S.D. 1977), 260 N.W.2d 626. In *McDonald*, the Supreme Court of South Dakota found that the chief of police had made a valid citizen's arrest of defendant when he observed him in an intoxicated condition sitting behind the steering wheel of a car with the motor running, then addressed the question of whether the request by the officer for chemical analysis was valid since by statute the chemical analysis test was required to be administered at the direction of a law enforcement officer having lawfully arrested such a person. The court

determined that the chief of police fell within the definition of a law enforcement officer for this purpose, and concluded that a law enforcement officer, who had made a legitimate citizen's arrest, was qualified and legally authorized to give the implied consent warning. 260 N.W.2d 626, 628.

A similar result was reached by the court in *People v. Rowe* (1984), 128 Ill. App. 3d 721, 471 N.E.2d 528. In that case, defendant was arrested for improper lane usage and driving under the influence of alcohol by police officers who were outside of their jurisdiction. The arrest was upheld as a valid citizen's arrest, and the court addressed the question of whether the result of the breathalyzer test given by the officers was admissible. The court noted that section 11—501.2 of the Illinois Vehicle Code provides for the use in evidence of the results of a breathalyzer test in a proceeding where the individual is charged with a violation of section 11—501, and that section 11—501.2 makes no reference to the manner in which the test is given or the admissibility of the results of the tests. The *Rowe* court then distinguished this section from section 11—501.1, which sets forth the proceedings for the termination of driving privileges upon refusal of a person to submit to a test, and held that, even if the officers were beyond their authority in purporting to act as peace officers, that factor would not taint the breathalyzer tests given to defendant. *People v. Rowe* (1984), 128 Ill. App. 3d 721, 724, 471 N.E.2d 528.

Applying the reasoning found in these cases to the facts here, and bearing in mind the liberal construction to be afforded the implied consent statute in order to accomplish its purpose of protecting the citizens of this State upon its highways (*People v. Porretta* (1984), 127 Ill. App. 3d 572, 469 N.E.2d 314), we believe the trial court's ruling was proper. Section 11—501.1 requires that after a legitimate arrest is made for driving under the influence, a request to submit to chemical tests is to be made by a law enforcement officer (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), and section 11—501.2 provides for the admission of evidence of the concentration of alcohol or drugs in a person's body as determined by analysis of the person's blood and urine (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2).

In the instant case, we have determined that Jones made a valid citizen's arrest of defendant, and after that requested defendant to accompany him to the hospital where chemical tests were performed to determine the concentration of alcohol or drugs in his body. We believe that under the implied consent statute Jones was authorized to make that request in his capacity as a law enforcement officer and that the evidence obtained from the test was admissible into evidence.

We therefore affirm the judgment of the circuit court of Cook County. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request that defendant be assessed $50 as costs for the State's defending this appeal and incorporate it as part of our judgment.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.