THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KURT A. LEINWEBER, Defendant-Appellant.
Third District   No. 3—92—0111

Opinion filed September 23, 1992.

Ira B. Goldstein, of Ira B. Goldstein, Ltd., of Joliet, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

In this case, we address the question of whether Officer Kevin Delaney properly stopped the defendant, Kurt A. Leinweber, while Delaney was outside his jurisdiction. We find that the stop was lawful and affirm.

The record shows that Officer Delaney was employed by the City of Wilmington. On the evening of November 8, 1991, he was on patrol when he saw Leinweber's truck proceeding south on West River Road. The truck was moving at a high rate of speed. As Delaney followed the truck, it crossed the white shoulder line three times.

Delaney continued following the truck beyond the Wilmington city limits. The truck then crossed the double center lines twice. The first time it did so, passing was prohibited for southbound traffic. The second time it crossed, passing was prohibited for northbound traffic only. Delaney then activated his flashing lights. The truck weaved within its lane before pulling over and stopping.

Leinweber stumbled slightly when he got out of the car. Delaney noted the odor of alcohol on his breath and asked him to perform some field sobriety tests. When Leinweber refused, Delaney took him to the police station.

At the station, Delaney issued citations to Leinweber for improper lane usage, improper registration, and driving under the influence of alcohol. After Delaney gave him the standard motorist's warning, Leinweber refused to take a breathalyzer test.

Thereafter, Leinweber filed a petition to rescind his statutory summary suspension. He alleged, among other grounds, that he had

been unlawfully arrested. Following a hearing, the trial court found that the arrest was proper and denied the petition to rescind. Leinweber appeals.

On appeal, Leinweber argues that his arrest was improper because Officer Delaney lacked legal authority to stop him outside of Wilmington. We disagree.

We note that an officer may make an investigatory stop outside his jurisdiction if he has reasonable grounds to believe that a suspect committed an offense while within his jurisdiction. (*People v. Pollard* (1991), 216 Ill. App. 3d 591, 575 N.E.2d 970; *People v. Carraher* (1990), 199 Ill. App. 3d 965, 557 N.E.2d 975.) Here, Leinweber crossed the white shoulder lines three times and the double center lines twice before he was stopped. His erratic driving gave the officer reasonable grounds to believe that Leinweber had driven through Wilmington while under the influence of alcohol. (See *People v. Carraher* (1990), 199 Ill. App. 3d 965, 557 N.E.2d 975.) Consequently, Delaney had lawful authority to make an investigatory stop, even though the stop ultimately occurred outside of Wilmington.

For the reasons indicated, we affirm the judgment of the circuit court of Will County.

Affirmed.

GORMAN and SLATER, JJ., concur.