THE VILLAGE OF PRAIRIE GROVE, Plaintiff-Appellee, v. RICHARD SUT-
TON, Defendant-Appellant.

Second District   No. 2—92—1389

Opinion filed April 26, 1994.

Matthew M. Litvak, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Richard Sutton, appeals his conviction of speeding in violation of an ordinance of the plaintiff, the Village of Prairie Grove (the Village) (Prairie Grove, Ill., Municipal Code, ch. 11, par. 601(B) (19____)). Defendant contends that the court should have granted his motion to quash arrest and suppress evidence because he was arrested by a Prairie Grove police officer outside the municipal limits of the Village.

The facts are not in dispute. On April 12, 1992, a Prairie Grove police officer ticketed defendant for speeding. The officer's radar recorded defendant's speed as 60 miles per hour in a 45-mile-per-hour zone. Both the officer and defendant were inside the Village limits. However, by the time the officer pulled him over and issued the citation, defendant was beyond the Village limits.

Defendant filed a motion to quash the arrest and suppress evidence, alleging that the arrest outside the officer's jurisdiction was illegal under *People v. Lahr* (1992), 147 Ill. 2d 379. The trial court disagreed and denied the motion. The court distinguished *Lahr* because, unlike in that case, both the officer and defendant were within the municipal limits at the time of the radar reading.

The court subsequently found defendant guilty of speeding. Defendant filed a timely notice of appeal. He again contends that the arrest should have been quashed on the authority of *Lahr*.

The Village has not filed an appellee's brief. However, we will consider the merits of the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128. See *People v. O'Brien* (1992), 227 Ill. App. 3d 302, 305.

In *People v. Lahr* (1992), 147 Ill. 2d 379, the supreme court held defendant's arrest illegal. A Sleepy Hollow police officer had set up his radar gun outside the village limits in unincorporated Kane County. He clocked defendant, who was also outside the village limits, exceeding the posted speed limit. He arrested defendant outside the village limits. (*Lahr*, 147 Ill. 2d at 381.) The supreme court recognized that an officer outside his territorial jurisdiction retains the rights of a private citizen, including the right to make a citizen's arrest. (*Lahr*, 147 Ill. 2d at 382.) However, the court found that by using the radar gun the officer asserted "the powers of his office" to obtain evidence not available to private citizens, thus invalidating it as a citizen's arrest. *Lahr*, 147 Ill. 2d at 383-85.

*Lahr* distinguished *People v. O'Connor* (1988), 167 Ill. App. 3d 42, where both the offense and the arrest occurred within the officer's jurisdiction, although he had set up his radar at a site across the street from the village limits. The *Lahr* court noted that the *O'Connor* court "found the use of the radar equipment was not an impermissible extraterritorial assertion of police authority in large part because the road under surveillance was within the officer's jurisdiction." *Lahr*, 147 Ill. 2d at 385.

In *Lahr*, it was significant that the officer clocked defendant with the radar gun while defendant was outside the village limits. Only because the officer observed an offense occurring outside his jurisdiction was the use of the radar an unauthorized assertion of police authority. In this case, however, it is undisputed that the officer clocked defendant on radar within the Village of Prairie Grove. Only the arrest occurred outside the Village limits.

In *People v. Carraher* (1990), 199 Ill. App. 3d 965, 970-71, this court held that police officers could arrest motorists outside the officers' jurisdictions for offenses committed within those jurisdictions. We noted that the Code of Criminal Procedure of 1963 permits officers to make an arrest "anywhere within the jurisdiction of the State." Ill. Rev. Stat. 1989, ch. 38, par. 107—5(c) (now 725 ILCS 5/107—5(c) (West 1992)); see also *People v. Durham* (1979), 71 Ill. App. 3d 725, 727.

We note that *Carraher* relied on section 107—5(c), which provides

police with extraterritorial arrest powers. Section 107—5(c) modified the common-law rule that an officer generally lacked power to make warrantless arrests outside the political jurisdiction which employed him. (*Carraher*, 199 Ill. App. 3d at 970.) That case did not rely on the citizen's arrest statute, which excludes the power to arrest for ordinance violations. (Ill. Rev. Stat. 1991, ch. 38, par. 107—3 (now 725 ILCS 5/107—3 (West 1992)).) Thus, the fact that defendant here was charged only with an ordinance violation does not affect the validity of the arrest.

*Lahr* did not abrogate the holdings of *Carraher* and *Durham* that an officer who sees evidence of a crime occurring within his jurisdiction may leave the jurisdiction to effectuate an arrest. That is precisely what occurred here.

We agree with the trial court that the observation of defendant speeding within the Village limits distinguishes this case from *Lahr*. Section 107—5(c) authorized the officer to pursue defendant beyond the Village limits to effectuate the arrest.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

BOWMAN and QUETSCH, JJ., concur.