THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KEITH GUTT, Defendant-Appellee.

Second District No. 2—93—0866

Opinion filed September 30, 1994.

Gary W. Pack, State's Attorney, of Woodstock (William L. Browers, Robert J. Biderman, and James C. Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Ralph E. Madsen and V. Diane Mueller, both of Madsen, Sugden & Gottemoller, of Crystal Lake, for appellee.

JUSTICE PECCARELLI delivered the opinion of the court:

Pursuant to the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 1—100 *et seq.* (now 625 ILCS 5/1—100 *et seq.* (West 1992))), defendant was arrested and charged with speeding (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—601(b) (now 625 ILCS 5/11—601(b) (West 1992))), failure to use a turn signal when required (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—804 (now 625 ILCS 5/11—804 (West 1992))), driving under the influence of alcohol (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501(a)(2) (now 625 ILCS 5/11—501(a)(2) (West 1992))), and driving with an alcohol concentration of .10 or more (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501(a)(1) (now 625 ILCS 5/11—501(a)(1) (West 1992))). Defendant filed a motion to quash arrest and to suppress evidence of the breath-alcohol test (breathalyzer) administered to him. Defendant argued that the arrest was invalid because it was made outside of the officer's jurisdiction based on evidence obtained from the use of a radar gun and that the police officer could not request the breathalyzer since she made the arrest as a private citizen. The State appeals the order of the circuit court of McHenry County quashing defendant's arrest for driving with an alcohol concentration of .10 or more and suppressing any evidence of the results of the breathalyzer. On appeal, the State argues that the trial court erred in quashing defendant's arrest and suppressing the evidence of the breathalyzer where the police officer requested that defendant submit to the breathalyzer following a valid citizen's arrest by the officer. We reverse and remand.

At approximately 11:17 p.m. on June 2, 1992, Margaret Andrews, a police officer for Lakewood, Illinois, was on duty in a marked squad car. In some areas, the City of Crystal Lake adjoins Lakewood, and the streets run together so that one portion of a city block is in Lakewood and the remaining portion is in Crystal Lake. While within the city limits of Crystal Lake, Andrews observed defendant driving his car within the city limits of Crystal Lake and from her observation and experience she could tell it was exceeding the speed limit. Andrews used a radar gun to clock defendant's speed at 40 miles per hour in a 30 mile-per-hour zone. Andrews then followed defendant within the city limits of Crystal Lake and observed defendant make a left-hand turn without using a signal. She then pursued defendant and arrested him within the city limits of Crystal Lake for speeding, failure to use a turn signal when required, driving under the influence of alcohol, and driving with an alcohol concentration of .10 or more.

Andrews took defendant to the Crystal Lake police department, where she requested that defendant submit to a breathalyzer. Defen-

dant consented to the test, which was administered by Officer Raadsen of the Crystal Lake police department.

Defendant filed a motion to quash the arrest. On October 2, 1992, the trial court granted defendant's motion as to the charge of speeding. The trial court found that Andrews was acting as a citizen and .could not use the radar gun to obtain evidence. However, the trial court denied defendant's motion as to the charges of failure to signal when required, driving under the influence of alcohol, and driving with an alcohol concentration of .10 or more. On October 30, 1992, defendant filed a motion to reconsider and requested that the arrest for the remaining charges be quashed and that the evidence of the breathalyzer be suppressed. The trial court requested that motions and arguments be reduced to writing. On March 29, 1993, defendant filed another motion to quash the arrest as to all remaining charges and a motion *in limine* to bar the State from making any reference to the fact that Andrews was a police officer.

On April 23, 1993, the trial court entered an order stating in relevant part:

> "[T]he court having found that when Officer Andrews requested defendant to submit to breathalyzer she was operating as a citizen contrary to Sec. 11—501.1 [of the Illinois Vehicle Code (Ill. Rev. Stat. 1991, ch. 95$^1/_2$, par. 11—501.1 (now 625 ILCS 5/11—501.1 (West 1992)))] requiring an officer to do so.
>
> It is so ordered that the defendant's motion to quash arrest on the charge of driving with BAC in excess of .10 is granted.
>
> It is further ordered that defendant's motion in limine directing that no testimony be elicited in regard to the breathalyzer or its results is granted."

On June 13, 1993, the State filed a motion to reconsider. The trial court denied that motion. The State filed a timely notice of appeal and a certificate of impairment.

■ At common law, municipal and county police officers could not arrest anyone outside their territorial limits except when the officers were in "fresh pursuit" of a suspected felon fleeing their jurisdiction. (*People v. Marino* (1980), 80 Ill. App. 3d 657, 661.) In the present case, Andrews was not in "fresh pursuit" of a suspected fleeing felon. However, the common-law rule has been modified to allow police officers to arrest outside of their jurisdiction in three other limited circumstances.

The first circumstance in which officers may arrest outside of their jurisdiction is contained in sections 7—4—7 (Ill. Rev. Stat. 1991, ch. 24, par. 7—4—7 (now 65 ILCS 5/7—4—7 (West 1992))) and 7—4—8 (Ill. Rev. Stat. 1991, ch. 24, par. 7—4—8 (now 65 ILCS 5/7—4—8

(West 1992))) of the Illinois Municipal Code. Section 7—4—7 of the Illinois Municipal Code states that a police district consists of the territory within the corporate limits of adjoining municipalities within any county in the State. (Ill. Rev. Stat. 1991, ch. 24, par. 7—4—7 (now 65 ILCS 5/7—4—7 (West 1992)).) Section 7—4—8 of the Illinois Municipal Code states that the police of any municipality in a police district may enter any part of that district to suppress a riot, to preserve the peace, and to protect the lives, rights, and property of citizens. (Ill. Rev. Stat. 1991, ch. 24, par. 7—4—8 (now 65 ILCS 5/7—4—8 (West 1992)).) However, we find no evidence in the record to suggest that Andrews entered the city limits of Crystal Lake for any of the purposes stated in section 7—4—8 of the Illinois Municipal Code.

The second circumstance in which officers may arrest outside of their jurisdiction is contained in section 107—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 107—5 (now 725 ILCS 5/107—5 (West 1992))), which allows police officers to make an arrest anywhere within the jurisdiction of the State. However, under section 107—5(c) of the Code of Criminal Procedure of 1963, the officer must have probable cause to believe that the accused has committed an offense within the political entity in which he has office. (See *People v. Durham* (1979), 71 Ill. App. 3d 725, 727.) In the present case, there is no evidence in the record to suggest that Andrews had reason to believe that defendant had committed any offense within the Village of Lakewood.

The third circumstance in which officers may arrest outside of their jurisdiction is the "citizen's arrest" provision contained in section 107—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 107—3 (now 725 ILCS 5/107—3 (West 1992))), which states:

> "Any person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation is being committed."

■ A police officer acting outside her jurisdiction retains all the rights of an ordinary citizen, including the right to effect a citizen's arrest. (See *People v. Gupton* (1985), 139 Ill. App. 3d 530, 533.) However, when outside her jurisdiction, a police officer's right to arrest is no greater than that of a private citizen. (*People v. Lahr* (1992), 147 Ill. 2d 379, 382-83.) Therefore, a police officer may not use the powers of her office not available to private citizens to obtain evidence to make an extraterritorial arrest. *Lahr*, 147 Ill. 2d at 383.

■ In *Lahr*, an officer of the Sleepy Hollow police department was conducting stationary radar surveillance in unincorporated Kane

County. (*Lahr*, 147 Ill. 2d at 381.) Based on a radar reading of defendant's car, the officer stopped defendant and issued a traffic citation for speeding. Our supreme court held that the use of the radar gun was an assertion of the officer's police authority which invalidated the arrest for speeding. (*Lahr*, 147 Ill. 2d at 384.) In *Lahr*, the court distinguished *Gupton* (139 Ill. App. 3d 530) and *People v. Rowe* (1984), 128 Ill. App. 3d 721. The court stated that in *Gupton* and *Rowe* the arresting officers had probable cause to arrest the defendants based on their observations of defendants' swerving cars, whereas the record in *Lahr* was silent as to whether the officer was able to determine without the aid of the radar that defendant was speeding. (*Lahr*, 147 Ill. 2d at 385.) In the present case, Andrews had the authority to make a valid citizen's arrest without the aid of any of the powers of her office since she was able to observe that defendant failed to signal when making a left-hand turn.

Section 11—501.1(a) of the Illinois Vehicle Code provides that the breathalyzer shall be administered at the direction of the arresting officer. (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501.1(a) (now 625 ILCS 5/11—501.1(a) (West 1992)).) In the present case, the defendant argued and the trial court found that Andrews could not request the breathalyzer pursuant to section 11—501.1(a) since she was acting as a private citizen and not under her authority as a police officer when she arrested defendant. However, the court in *Gupton* held that a police officer who made a valid citizen's arrest is authorized to request that defendant submit to alcohol testing. (*Gupton*, 139 Ill. App. 3d at 534.) Accordingly, we hold that since Andrews made a valid citizen's arrest, she was authorized to request defendant to submit to the breathalyzer.

For the foregoing reasons, we reverse the order of the circuit court of McHenry County quashing defendant's arrest for driving with an alcohol concentration of .10 or more and suppressing any evidence of the breathalyzer or the results of its use on defendant. The cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

QUETSCH and COLWELL, JJ., concur.