THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUCE E. NIEDZWIEDZ, Defendant-Appellant.

Second District    No. 2—94—0676

Opinion filed December 13, 1994.

Robert L. Arnold, of Law Offices of Robert L. Arnold, P.C., and Nancy J. Nicol, of Law Offices of Terry Sullivan, Ltd., both of Rolling Meadows, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Bruce Niedzwiedz, appeals the order of the circuit court of Du Page County convicting him of driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1992)) and denying his motion to dismiss the charges, quash the arrest, and suppress the evidence. Defendant contends that the arresting officer exceeded his authority by arresting defendant outside the officer's jurisdiction. The parties stipulate the facts as related in the arrest report.

At about 10:20 p.m. on October 28, 1993, Elk Grove Village police officer Thomas Sturgelewski was assisting Elk Grove Village police officer Balek with a traffic arrest at the Amoco Station at Devon Avenue and Tonne Road in Elk Grove Village, Illinois. A citizen approached Officer Sturgelewski and informed him that a person driving a newer model Park Avenue, license plate TSW-something, had pulled out of the Hermitage Restaurant on Devon Avenue and had nearly struck his (the citizen's) vehicle. The citizen told the officer that he had followed the Park Avenue to Thornton's Gas Station on Busse Road, had seen the Park Avenue swerving all over the road, and had watched the driver exit the vehicle at Thornton's. The citizen told the officer that he was certain the driver was intoxicated.

Officer Sturgelewski told the citizen that he would investigate as soon as he finished assisting Officer Balek with the arrest. The arrest completed, Officer Sturgelewski proceeded to the Thornton's station, which is in Bensenville, Illinois. He saw a vehicle matching the citizen's description pulling out of the gas station and followed it. He

observed the vehicle swerve across the fog line into the shoulder and across the center line into oncoming traffic at least three times in one-quarter mile. He requested assistance from Elk Grove Village police officer Thomas, who was in the area, and together they curbed the vehicle on Busse Road south of Thorndale Avenue in Bensenville.

Officer Sturgelewski approached defendant's vehicle and asked for defendant's driver's license. The officer observed that defendant spoke in a slurred and thick-tongued manner, moved sluggishly, fumbled for his license for quite some time, and reeked of alcohol. Upon inquiry, defendant denied that any liquor was open or spilled in the vehicle, and he admitted that he had been drinking.

Elk Grove Village police sergeant Dion Zinnel arrived at the scene and administered several field sobriety tests to defendant. Defendant failed most of these tests, and the officers informed him that he was under arrest for driving under the influence of alcohol. He was searched, handcuffed, and transported to the Elk Grove Village police department.

At the station a complaint was issued and defendant was read the warning to motorists. He submitted to a breath test approximately 38 minutes after arrival. The test showed a blood-alcohol concentration of 0.13. The defendant was "Mirandized," and he posted bond.

He indicated that he had consumed six beers between 7 and 9:30 p.m. He stated that he drove erratically because he was eating a sandwich, drinking a soda pop, and talking on a car phone while driving. He stated that he did not have the sandwich and pop when he left the Hermitage Restaurant and that he was not aware he had nearly struck another vehicle. He thanked the officer for getting him off the road, because he felt he might have endangered himself or others.

Defendant was charged with driving with blood-alcohol concentration above 0.10 (625 ILCS 5/11—501(a)(1) (West 1992)), driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1992)), and improper lane usage (625 ILCS 5/11—709 (West 1992)). Defendant pleaded not guilty, the court found defendant guilty of driving under the influence, and the State dismissed the remaining charges.

On appeal defendant contends that Officer Sturgelewski had no authority to arrest defendant in Bensenville for an offense committed in Bensenville, because Officer Sturgelewski's jurisdiction extends only within the territory of Elk Grove Village. The State maintains, and the trial court agreed, that Officer Sturgelewski legitimately acted as a citizen in arresting defendant. We agree.

■ At common law, a municipal or county police officer had no authority to arrest outside his jurisdiction unless he was in fresh

pursuit of a defendant fleeing his jurisdiction. (*People v. Lahr* (1992), 147 Ill. 2d 379, 382.) Any person, however, may arrest another person upon reasonable grounds to believe that the other person has committed a violation other than an ordinance violation. (725 ILCS 5/107—3 (West 1992).) A police officer can make an extraterritorial warrantless arrest in the same situation that any citizen can make an arrest. *Village of Prairie Grove v. Sutton* (1994), 260 Ill. App. 3d 682, 683; *People v. O'Connor* (1988), 167 Ill. App. 3d 42, 45.

A police officer exceeds his authority to make a citizen's arrest, however, when he uses the powers of his office to gather evidence unavailable to the private citizen outside his jurisdiction. (*Lahr*, 147 Ill. 2d at 383.) In *Lahr*, the supreme court upheld the quash of an arrest made by an officer who utilized a radar gun to detect speeders outside the officer's jurisdiction. (*Lahr*, 147 Ill. 2d at 383.) The use of the radar gun, the court said, removed the arrest from the purview of the citizen's arrest, because a private citizen is not typically armed with a radar gun. (*Lahr*, 147 Ill. 2d at 383.) Because the officer used the power of his office (access to a radar gun) to obtain evidence unavailable to the private citizen, the arrest did not qualify as a citizen's arrest. (*Lahr*, 147 Ill. 2d at 383-84.) The court therefore upheld the quash of the arrest. *Lahr*, 147 Ill. 2d at 387.

In the present case, Officer Sturgelewski did not use the power of his office to obtain evidence unavailable to the private citizen. He did not use the power of his office in any affirmative way. Defendant contends that the citizen who approached Officer Sturgelewski approached him only because he was a police officer. Thus, defendant reasons, the officer exercised the power of his office passively by wearing a uniform in the vicinity of a marked squad car at the scene of an arrest. We refuse to hold that wearing his uniform was a use of the power of his office when he learned of the situation. Nor will we extend *Lahr* to exclude passive use of the powers of police office. This was not the intent of the court in *Lahr*.

Officer Sturgelewski did not affirmatively do anything at this point; he was merely approached by a citizen. The peace officer in *Lahr* was stationed outside his jurisdiction endeavoring to detect speeders. In the case before us, the officer was in his jurisdiction assisting in a traffic arrest when he was informed of a potentially dangerous situation in close proximity, albeit in a neighboring jurisdiction. It appears entirely reasonable to this court for the citizens of one community to assist the citizens of another community in a hazardous or potentially dangerous situation. Furthermore, we do not agree that a private citizen would never tell another private citizen that he had been nearly hit by a drunk driver. In this instance there

was no use of police power to gather evidence unavailable to the private citizen.

Defendant next asserts that Officer Sturgelewski utilized the power of his office to gather evidence unavailable to the private citizen when he called for assistance on his car radio. First, asking for assistance is not gathering evidence. Second, the private citizen has ample access to citizen's band radios, cellular phones, and other devices for requesting assistance. Here again, there was no use of police power to gather evidence unavailable to the private citizen.

For these reasons, Officer Sturgelewski's arrest of defendant does qualify as a valid arrest made by a peace officer as a citizen outside his jurisdiction. We therefore affirm the order of the circuit court of Du Page County convicting defendant of driving under the influence of alcohol and denying his motion to dismiss the charges, quash the arrest, and suppress the evidence.

Affirmed.

McLAREN and DOYLE, JJ., concur.