**Tawana FAIRLEY, Plaintiff,**

v.

**P.O. ZELENIK, Individually and P.O. Lucas, Individually, Defendants.**

**No. 94 C 6898.**

United States District Court, N.D. Illinois, Eastern Division.

June 12, 1995.

---

Gregory E. Kulis, Kathleen T. Coyne, Gregory E. Kulis and Associates, Chicago, IL, for plaintiff.

Mitchell Alan Orpett, Michael Joseph Meyer, Tribler & Orpett, Chicago, IL, for P.O. Zelenik.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff Tawana Fairley has filed a First Amended Complaint ("Complaint"), alleging unconstitutional arrest and detention on the part of "P.O." Zelenik (plaintiff's terminology) and P.O. Lucas. Count I is a 42 U.S.C. § 1983 action for deprivation of constitutional rights, and Count II is a supplemental false imprisonment action. Officer Zelenik has moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I.  BACKGROUND

The following factual background is drawn from the Complaint, which is assumed true for these purposes. Officer Lucas of the Country Club Hills, Illinois, police department, initially arrested plaintiff. Later, Officer Zelenik of the South Holland, Illinois, police department took plaintiff from the Country Club Hills police station to the South Holland station. The arrest and detention were in violation of the Fourth Amendment, plaintiff charges, because neither officer had "probable cause or an arrest warrant which matched Tawana Fairley in order to give him probable cause." (First Amended Complaint ¶¶ 7, 12.) Plaintiff was kept in custody for several hours then released without any charges being filed. Plaintiff sues seeking $25,000 in compensatory damages and $25,000 in punitive damages, for which each defendant would be liable jointly and severally.

### II.  STANDARD FOR MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of a complaint, not to decide the merits of the case. Defendant must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted because, in ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 735 (7th Cir.1986), *cert. denied*, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). The allegations of a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

## III. *DISCUSSION*

█ The first task is a resolution of a procedural, but important, question—whether the court can consider the arrest warrant itself in disposing of the Rule 12(b)(6) motion. Plaintiff did not attach a copy of the warrant to her Complaint. Defendant Zelenik moved for Rule 12(b)(6) dismissal, relying on a copy of the warrant attached to his motion, which by definition constitutes matter outside the four corners of the complaint. Here, however, a line of Seventh Circuit cases allows the court to consider the warrant without converting the motion into one for summary judgment. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994) (citing *Venture Assocs. v. Zenith Data Systems*, 987 F.2d 429, 431 (7th Cir.1993)). The warrant is referred to in the Complaint, although somewhat indirectly. And the warrant is central to the claim, because it so obviously bears on the legality of the search. Accordingly, the court will consider the warrant.[1]

█ The warrant defeats plaintiff's cause of action. The warrant bears plaintiff's name as the one "a/k/a." In *Johnson v. Miller*, 680 F.2d 39 (7th Cir.1982), the Seventh Circuit affirmed a Rule 12(b)(6) dismissal on just such a theory. The Seventh Circuit stated:

We do not think the arresting officer ... can be said to have acted wrongfully merely because the warrant he executed contained a description that did not match the appearance of [the plaintiff]. For [the officer] the main thing was that the name was right. The purpose of the description was to help him, as the arresting officer, identify her and he needed no help since she acknowledged that she was the person named in the warrant. If an officer executing an arrest warrant must do so at peril of damage liability under section 1983 if there is any discrepancy between the description in the warrant and the appearance of the person to be arrested, many a criminal will slip away while the officer anxiously compares the description in the warrant with the appearance of the person named in it and radios back any discrepancies to his headquarters for instructions.

*Id.* at 41. Here in particular, by plaintiff's own concession, plaintiff was the same race as the person described on the warrant, and lived at the same address as the person named on the warrant. (Plaintiff's Response to Defendant P.O. Zelenik's Motion to Strike and Dismiss Her First Amended Complaint at 1.) The only claimed discrepancy is age. Under *Johnson v. Miller*, the arrest was valid.[2]

But what does it do to the analysis when one considers that defendant Zelenik did not do the arresting; rather he took plaintiff to another police station. Defendant Zelenik states this is a point in his favor. It might be a point against him if the gravamen of the Complaint went beyond the allegation of misidentification. However, the Complaint's allegations against Officer Zelenik flow from the same alleged misidentification. And even the Complaint states that, all-told, plaintiff was in custody only for a few hours, so it would be hard to argue that there was a separate wrong besides the arrest.

## CONCLUSION

In short, the Complaint and arrest warrant, read together, suggest no wrongdoing on the part of defendant Zelenik. His motion is granted, and Count I as to him is dismissed with prejudice. Count II as to defendant Zelenik is dismissed without prejudice to refiling in state court. Defendant Zelenik is dismissed as a party defendant.

---

1. Also worth noting is that plaintiff never objected to the inclusion of the warrant in the Rule 12(b)(6) analysis. She only argues that the warrant does not extinguish her claim. If plaintiff is willing to get to the merits based on the Complaint and warrant, then it only seems like good sense to employ *Wright* and *Venture Associates* to do so.

2. There is no complication either from the fact that plaintiff herself was listed merely as an alias or the fact that plaintiff at the time of arrest denied hers was the primary name on the warrant. *See Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir.), *cert. denied*, 484 U.S. 855, 108 S.Ct. 162, 98 L.Ed.2d 117 (1987).