Harry B. MADSEN, Plaintiff,

v.

PARK CITY, a municipal corporation, of the State of Illinois, Robert Allen, William Schaefer, Kenneth Enberg, Richard Palimieri, Michael Fluff, Al Leggans, James R. Leding, Dispatching Officer, Rudolf F. Magna, Jr., Tracey Callow,

Magna & Hauser, a partnership, J.R. Wrecker Service, Inc., an Illinois corporation, Theodore C. Richter, Debra Lee Richter, Tow Truck Driver, Waukegan Police Officer, George H. Ryan, individually and as Secretary of State of the State of Illinois, Gail, Jim Schneider, Vickie S., Typing Poolee, and other unknown conspirators, Defendants.

No. 97 C 3366.

United States District Court, N.D. Illinois, Eastern Division.

April 29, 1998.

940

Harry B. Madsen, Park Ridge, IL, pro se.

John E. Norton, Denis K. Sheehan, Norton, Mancini, Argentani, Weiler & DeAno, Wheaton, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

*Pro se* plaintiff Harry Madsen brings this suit against various state and municipal employees.[1] Madsen claims he was deprived of his civil rights when stopped and issued a citation by a Park City, Illinois police officer. Presently pending are certain defendants' motion to dismiss, the motion for judgment on the pleadings of other defendants, and plaintiff's motion to voluntarily dismiss certain defendants.

■■■ The same standards apply to both the Rule 12(c) motion for judgment on the pleadings and the Rule 12(b)(6) motion to dismiss. *Gutierrez v. Peters,* 111 F.3d 1364, 1368 (7th Cir.1997). As to both motions, plaintiff's well-pleaded allegations of fact are to be taken as true and all reasonable inferences are drawn in plaintiff's favor. *Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Swofford v. Mandrell,* 969 F.2d 547, 549 (7th Cir.1992). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed.R.Civ.P. 8(a); *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir.1996). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed.R.Civ.P. 8(a)(2); *Jackson v. Marion County,* 66 F.3d 151, 153–54 (7th Cir.1995). It is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir.1992). It is also true, however, that a plaintiff can plead himself out of court by alleging facts showing no viable claim. *Jackson,* 66 F.3d at 153–54; *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir.1993), *cert. denied,* 511 U.S. 1085, 114 S.Ct. 1837, 128 L.Ed.2d 465 (1994); *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992). Additionally, because Madsen is proceeding *pro se,* his complaint must be construed liberally with plaintiff being held to less stringent standards than those applied to complaints drafted by attorneys. *Swofford,* 969 F.2d at 549. Also, consideration is not limited to the complaint; allegations contained in other court filings such as plaintiff's answer to the motion to dismiss must be considered as well. *Id.*

Plaintiff alleges that, on January 26, 1996 at 2:00 a.m., he was driving in Waukegan, Illinois in obedience with the traffic laws. A car began following behind which turned out to be a Park City squadrol driven by defendant James Leding, a Park City police officer. The squadrol followed behind at normal speed for a short distance; there was no chase. Eventually, the squadrol turned on its dome lights and plaintiff pulled over. Leding questioned plaintiff and obtained plaintiff's driver's license and proof of insurance. After a discussion between defendant "Dispatching Officer" and police sergeant Al Leggans,[2] Leding issued a citation to plaintiff. While plaintiff was stopped, a Waukegan police car also pulled up and observed the incident. This car was driven by defendant "Waukegan Police Officer."

Plaintiff refers to the incident as an "arrest." He does not claim that he was in custody other than to the extent that Leding required that plaintiff stop and stay by his car. Plaintiff does not allege what the citation was for.[3] Plaintiff claims the citation

1. The complaint was denominated as being on behalf of a class. Class certification was previously denied.

2. The motion to dismiss refers to this defendant as Al Loggins. In this opinion, the names listed in the caption of the complaint will continue to be used to identify the defendants.

3. The state defendants represent in their motion for judgment on the pleadings that the citation

was for failure to have taken a state-required emissions test. Had any defendant attached a copy of the citation to a motion or an answer to the complaint, the contents of the citation could have been considered on a motion to dismiss. *See Henson v. CSC Credit Services,* 29 F.3d 280, 284 (7th Cir.1994); *Fairley v. Zelenik,* 888 F.Supp. 89, 91 (N.D.Ill.1995); *St. Fort v. Grinnell,* 1995 WL 632274 *2 (N.D.Ill. Oct.26, 1995). However, since no copy of the citation has been

was false and fraudulent in that it falsely stated that plaintiff was stopped and the citation issued within Park City, whereas during all pertinent times plaintiff was in Waukegan. Plaintiff further contends that the arrest and citation was illegal because it occurred outside the jurisdiction of Park City. There is no contention that the citation is false as to the violation stated therein nor is, there any contention that Leding lacked reasonable suspicion or probable cause to stop and question plaintiff.

Plaintiff further alleges that his car was towed from the spot where the citation was issued. The complaint is silent as to what happened to plaintiff after the car was towed. There is no contention that he was taken to a local detention center or that the officers abandoned him at the side of the road. There is also no express contention that no basis existed for towing the car. Defendant J.R. Wrecker Service, Inc. ("J.R.") towed plaintiff's car pursuant to a contract with Park City. Theodore Richter, Debra Lee Richter, and "Tow Truck Driver" (respectively the president, the secretary, and an employee of J.R.) are also named as defendants.

The law firm of Magna & Hauser represents Park City in prosecuting these types of citations. The firm is named as a defendant as is Rudolf Magna (the firm's "leading partner") and Tracy Callow (an employee of the firm who assisted with the prosecution). Magna is alleged to have established policies for the prosecutions that were followed by James Hauser (the partner who actually conducted the prosecution of plaintiff's citation) and Callow. Hauser is not named as a defendant. Instead, the body of the complaint acknowledges that Hauser has prosecutorial immunity. The judge who presided over the case is not named as a defendant, but is referred to in the body of the. complaint where it is acknowledged that he is entitled to judicial immunity.

It is claimed that Hauser, with the complicity of Callow and in accordance with standard procedures promulgated by Magna, falsified records for the prosecution. Plaintiff claims there was an "evidentiary conflict" as to the license plate number of his vehicle. He moved to dismiss the citation on the ground that the license plate number was incorrectly stated in a letter dated April 23, 1996. He contends that defendants Vickie S (later identified as Vicky Schulte) and "Typing Poolee" in the Secretary of State's office then provided a false record by producing a new letter on May 3, 1996 changing the license plate number to correctly match plaintiff's car and again dating the letter April 23, 1996. Plaintiff does not allege that the information about his car was incorrect; he alleges only that the dating of the second letter was incorrect and an intentional falsification. Plaintiff claims that the prosecution team was aware of the false dating of the letter and also aware of the falsely stated location in the citation. The prosecutors eventually decided to drop the charges.

The Illinois Secretary of State is also named as a defendant in his individual and official capacities and is alleged to be aware of a practice of issuing documents for traffic prosecutions that are known to contain incorrect information. As to Secretary of State personnel who are named as defendants, it is alleged that Vickie S. knowingly processed, Typing Poolee knowingly prepared, and Jim Schneider knowingly signed the cover letter of the document with the falsified date. Gail (later identified as Faythia Gail Williams) of the Secretary of State's office is also named as a defendant.

It is also claimed that Park City engages in a practice of regularly issuing citations outside its municipal boundaries in order to enhance its revenues. Besides naming Park City as a defendant, plaintiff names as defendants in their individual capacities: Mayor Robert Allen; City Council members William Schaefer, Kenneth Enberg, and Richard Palimieri; and Police Chief Michael Fluff.[4] All are alleged to have known of this revenue-

provided, let alone one adequately certified or authenticated, defendants' representation as to the nature of the citation cannot be considered. Only the allegations about the citation contained in the complaint and plaintiff's answer to the motion to dismiss will be considered.

4. The motion to dismiss refers to this defendant as Michael Luff.

enhancing practice and to have implemented, promoted, or condoned it.

Plaintiff seeks both damages and injunctive relief. However, because plaintiff was no longer under arrest or under prosecution at the time he filed this complaint, he lacks standing to seek injunctive relief. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *Garcia v. City of Chicago,* 24 F.3d 966, 969 (7th Cir. 1994), *cert. denied,* 514 U.S. 1003, 115 S.Ct. 1313, 131 L.Ed.2d 194 (1995).

Defendants Ryan, Schneider, Vickie S., and Gail answered the complaint and also moved for judgment on the pleadings. Defendants Park City, Allen, Schaefer, Enberg, Palimieri, Fluff, Leggans, Leding, Dispatching Officer, Magna, Callow, and Magna & Hauser moved to dismiss the complaint. Subsequently, plaintiff moved to voluntarily dismiss without prejudice the following defendants: Magna & Hauser, J.R., Theodore Richter, Debra Lee Richter, Tow Truck Driver, Waukegan Police Officer, Ryan (individual and official capacity), Gail, Schneider, Vickie S., and Typing Poolee.

█ Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure permits a plaintiff to voluntarily dismiss the cause of action against one or more defendants without prejudice as long as it is prior to the answer or a summary judgment motion and as long as there has not been a prior dismissal of an action involving the same claim. A plaintiff has an absolute right to do this; leave of court is not required and the court may not limit or condition this right. *Scam Instrument Corp. v. Control Data Corp.,* 458 F.2d 885, 888–89 (7th Cir.1972); *Pedrina v. Chun,* 987 F.2d 608, 610 (9th Cir.1993); *Hare v. Abbott Laboratories,* 1997 WL 223056 *1 (N.D.Ill. April 29, 1997). In a multiple defendant case, it is permissible to voluntarily dismiss just some of the defendants, *Pedrina,* 987 F.2d at 609–10; Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2362 at 250–52 (2d ed.1994), and the fact that some of the defendants have already answered does not preclude invoking this rule as to other defendants, *Aggregates*

*(Carolina), Inc. v. Kruse,* 134 F.R.D. 23, 25–26 (D.P.R.1991). A motion to dismiss (unless it relies on outside documents such that it is actually a summary judgment motion) is not considered to be an answer or summary judgment motion that precludes application of Rule 41(a)(1)(i). *Scam Instrument,* 458 F.2d at 889–90; *Concha v. London,* 62 F.3d 1493, 1506 (9th Cir.1995), *cert. denied,* 517 U.S. 1183, 116 S.Ct. 1710, 134 L.Ed.2d 772 (1996); *Ansonia Tenants' Coalition, Inc. v. Ansonia Associates,* 163 F.R.D. 468, 469–70 (S.D.N.Y.1995); *Bryan v. Federal Deposit Insurance,* 1987 WL 15420 *1 (N.D.Ill. Aug.3, 1987).

Since defendants Ryan, Schneider, Vickie S., and Gail answered the complaint before plaintiff sought to voluntarily dismiss them, plaintiff does not have the right to dismiss the claims against those defendants without prejudice. Therefore, the motion for judgment on the pleadings will be considered on its merits and, since grounds for granting that motion exist, the claims against these defendants will be dismissed with prejudice. As to the other defendants plaintiff seeks to voluntarily dismiss, plaintiff's motion will be granted and the claims against those defendants will be dismissed without prejudice. Such dismissal, however, would not preclude any possible collateral estoppel effect of the dismissal with prejudice of the claims against the other defendants. The claims against Magna & Hauser, J.R., Theodore Richter, Debra Lee Richter, Tow Truck Driver, Waukegan Police Officer, and Typing Poolee will be voluntarily dismissed without prejudice.

█ Under Illinois law, a municipal police officer may effect an arrest anywhere in the state. 725 ILCS 5/107–5(c); *Davis v. Kirby,* 755 F.Supp. 199, 203 (N.D.Ill.1990). Arrests outside an officer's territorial jurisdiction, however, are limited to certain circumstances. Generally, the arrest must still be for an offense committed within the officer's jurisdiction. *People v. Gutt,* 267 Ill. App.3d 95, 203 Ill.Dec. 863, 640 N.E.2d 1013, 1015 (2d Dist.1994); *People v. Leinweber,* 234 Ill.App.3d 748, 175 Ill.Dec. 658, 600 N.E.2d 901, 902 (3d Dist.1992); *People v. Thompson,* 215 Ill.App.3d 514, 159 Ill.Dec. 27, 575

N.E.2d 256, 260 (4th Dist.1991). It includes the power to arrest for ordinance offenses committed within the officer's jurisdiction. *Village of Prairie Grove v. Sutton,* 260 Ill. App.3d 682, 198 Ill.Dec. 700, 633 N.E.2d 162, 164 (2d Dist.1994). An officer may also effect an arrest outside his or her territorial jurisdiction for any reason that a private citizen could effect an arrest. 725 ILCS 5/107–3; *People v. Niedzwiedz,* 268 Ill. App.3d 119, 205 Ill.Dec. 837, 644 N.E.2d 53, 55 (2d Dist.1994); *Gutt,* 203 Ill.Dec. 863, 640 N.E.2d at 1015. Section 5/107–3, however, does not apply to ordinance violations or arrests in which the officer uses the powers of his or her office, such as a radar gun or checking records through police computers. *See Niedzwiedz,* 205 Ill.Dec. 837, 644 N.E.2d at 55–56; *Gutt,* 203 Ill.Dec. 863, 640 N.E.2d at 1015–16. A Vehicle Code violation is not an ordinance violation and therefore may still be a basis for an arrest under § 5/107–3. *People v. Gupton,* 139 Ill.App.3d 530, 94 Ill. Dec. 183, 487 N.E.2d 1060, 1063 (1st Dist. 1985). It has also been held that a police officer may effect an arrest in an adjoining community where the officer is participating in a cooperative operation with police in the adjoining community. *People v. Vargas,* 277 Ill.App.3d 289, 213 Ill.Dec. 825, 660 N.E.2d 82, 86–87 (1st Dist.1995).

■■■ Additionally, Illinois law defines a "police district" as including the corporate limits of an adjoining municipality. 65 ILCS 5/7–4–7. Judicial notice is taken that Park City borders in part on Waukegan. Illinois law provided that, as long as an officer is within his or her police district, he or she "may go into any part of the district to suppress a riot, to preserve the peace, and to protect the lives, rights, and property of citizens." 65 ILCS 5/7–4–8 (1991). Effective August 20, 1995, § 5/7–4–8 was amended to provide: "the police of any municipality in such a police district have full authority and power as peace officers and may go into any part of the district to exercise that authority and power." Public Act 89–404 § 10. That was the law that a police officer could assume

to be in effect in 1996. Recently, though, Public Act 89–404 has been held to be in violation of the Illinois Constitution because it improperly combined together unrelated provisions in a single bill. *People v. Wilson,* 295 Ill.App.3d 228, 229 Ill.Dec. 649, 692 N.E.2d 422 (4th Dist.1998); *People v. Reedy,* 295 Ill.App.3d 34, 229 Ill.Dec. 603, 692 N.E.2d 376 (2d Dist.1998); *People v. Pitts,* 295 Ill.App.3d 182, 229 Ill.Dec. 451, 691 N.E.2d 1174 (4th Dist.1998). To the extent state law is a consideration, the law in effect in 1996 would be the law to consider. *Cf. Malone v. County of Suffolk,* 968 F.2d 1480, 1483 (2d Cir.1992). But even if the 89–404 amendment is considered to have always been invalid, qualified immunity would still protect the individual defendants from damages liability because it was not clearly established in 1996 that Public Act 89–404 violated the Illinois Constitution.[5] *See Ross v. Neff,* 905 F.2d 1349, 1354 (10th Cir.1990).

■■■ On the facts before the court, it must be assumed that Leding only observed plaintiff in Waukegan and therefore could not have based the citation on activity observed in Park City. Since the nature of the citation is not alleged, it may be an ordinance violation for which § 5/107–3 would not apply. In any event, it is expressly alleged that Leding relied on information from the dispatcher. Therefore, it would have to be assumed that the powers of his office were employed, again negating the applicability of § 5/107–3. Also, as to defendant Waukegan Police Officer, it is alleged that he failed to intervene to stop conduct that he knew was outside Leding's jurisdiction. Therefore, it cannot be assumed, on the facts alleged, that a cooperative agreement existed between the Park City and Waukegan police forces.

Still, on the facts alleged it can only be concluded that Leding was effecting an arrest in an adjoining community. Therefore, he was acting within his police district. Based on the law in effect in 1996, Leding had the authority to effect an arrest and issue a citation for a violation that occurred

---

5. The only defendants who could not invoke qualified immunity would be Park City and Ryan in his official capacity as Secretary of State. The Eleventh Amendment, however, precludes any

damages claim against the Secretary of State in his official capacity. *Jacobson v. State of Illinois, Attorney Generals Office, Criminal Division,* 1986 WL 4160 *2 (N.D.Ill. March 26, 1986).

anywhere in his police district. Since the facts alleged show that Leding had authority to act in the location where plaintiff was stopped, plaintiff's legal assertions to the contrary must be ignored. Plaintiff cannot base any claim on Leding lacking authority to effect an arrest and issue a citation in Waukegan.

■ But even if, under state law, Leding had lacked authority to stop plaintiff and issue a citation in Waukegan, that by itself would be an insufficient basis for liability under 42 U.S.C. § 1983. The arrest would only violate the Constitution if it was without probable cause or defendant violated some other constitutional prohibition. *Abbott v. City of Crocker,* 30 F.3d 994, 997–98 (8th Cir.1994); *People v. Rowe,* 128 Ill.App.3d 721, 84 Ill.Dec. 49, 471 N.E.2d 578, 580–81 (4th Dist.1984). *See also Kraushaar v. Flanigan,* 45 F.3d 1040, 1048 (7th Cir.1995) (violation of state law related to arrest is not *per se* a violation of the Fourth Amendment); *Sheik–Abdi v. McClellan,* 37 F.3d 1240, 1249 (7th Cir.1994), *cert. denied,* 513 U.S. 1128, 115 S.Ct. 937, 130 L.Ed.2d 882 (1995) (violation of state law regarding swearing out complaints does not make an arrest unconstitutional where a constitutionally sufficient basis for the arrest otherwise existed); *McKinney v. George,* 726 F.2d 1183, 1188–89 (7th Cir. 1984) (a warrantless arrest on probable cause does not violate the fourth amendment even if state law required the police to have prior authorization); *Fields v. City of South Houston,* 922 F.2d 1183, 1189 (5th Cir.1991) (arrest that violates state law regarding arrest does not violate Constitution unless it is an arrest without probable cause). *Contra Ross v. Neff,* 905 F.2d 1349, 1354 (10th Cir.1990) (absent exigent circumstances, a warrantless arrest outside the arresting officer's jurisdiction is presumptively unreasonable and therefore a violation of the Fourth Amendment).[6]

That Leding arrested plaintiff and issued the citation in Waukegan is not a basis for liability because Leding had authority to exercise his police powers in Waukegan and, alternatively, because a police officer acting beyond his territorial jurisdiction does not, by that fact alone, violate the Constitution. It still must be considered whether plaintiff otherwise adequately alleges a violation of his civil rights that is cognizable under § 1983. Plaintiff does not contend that probable cause was lacking to stop him or issue a citation. The only possible remaining grounds for liability are the allegedly false statement in the citation that the violation occurred within Park City and the alleged falsification of the date on the second letter from the Secretary of State's office.

■ As the previous discussion indicates, falsely stating on the citation that plaintiff was stopped or observed in Park City did not affect the Constitutional validity of plaintiff's arrest. One other possible claim would be a constitutional claim for malicious prosecution. Plaintiff, however, expressly alleges that the charges were dropped by the prosecution. Since there was no incarceration or trial, he could not have suffered the deprivation of liberty necessary for a constitutional malicious prosecution claim. *See Spiegel v. Rabinovitz,* 121 F.3d 251, 255–56 (7th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 565, 139 L.Ed.2d 405 (1997); *DuFour–Dowell v. Cogger,* 969 F.Supp. 1107, 1115 (N.D.Ill.1997). Also, a malicious prosecution claim would be barred by the fact that probable cause existed for the arrest. *DuFour–Dowell,* 969 F.Supp. at 1114–15. Any claim based on the alleged falsification of the date of the letter would also fail on the ground that no set of facts can be imagined under which the date of the letter would have been material to any issue that might have arisen in the case.

For the foregoing reasons, it is held that plaintiff's complaint fails to state any constitutional violation. Therefore, there cannot be a viable federal cause of action against any of the remaining defendants. To the extent plaintiff also intended to raise claims under state law, those claims will be dismissed without prejudice for lack of subject matter jurisdiction since all federal claims are being dismissed. *See* 28 U.S.C. § 1367(c)(3).

---

6. Even if the Seventh Circuit were to follow *Neff* instead of *Abbott,* the individual defendants would be qualifiedly immune from damages liability because, in 1996, it was not clearly established in the Seventh Circuit that an arrest outside a police officer's jurisdiction violates the Constitution.

IT IS THEREFORE ORDERED that plaintiff's motion for voluntary dismissal of certain defendants [28–1] is granted in part and denied in part. Defendants' motions for judgment on the pleadings [24–1] and to dismiss [25–1] are granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing the causes of action against defendants Magna & Hauser, J.R. Wrecker Service, Inc., Theodore Richter, Debra Lee Richter, Tow Truck Driver, Waukegan Police Officer, and Typing Poolee without prejudice and the federal causes of action against defendants Park City, Robert Allen, William Schaefer, Kenneth Enberg, Richard Palimieri, Michael Fluff, Al Leggans, James R. Leding, Dispatching Officer, Rudolf F. Magna, Jr., Tracey Callow, George Ryan (individually and as Secretary of State), Gail, Jim Schneider, and Vickie S. with prejudice. The state law claims against all defendants are dismissed without prejudice. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.