THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VYTENIS P. KIRVELAITIS, Defendant-Appellant.

Second District   No. 2—99—0859

Opinion filed August 9, 2000.

668

David J. Shestokas, of Lemont, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Basil G. Greanias, of Decatur, for the People.

JUSTICE GALASSO delivered the opinion of the court:

Defendant, Vytenis P. Kirvelaitis, was charged with two counts of driving while under the influence of alcohol (625 ILCS 5/11—501(a)(1), (a)(2) (West 1998)), and he was also ticketed for speeding (625 ILCS 5/11—601(b) (West 1998)). Defendant's driving privileges were subsequently suspended, and he filed a petition to rescind the statutory summary suspension of his driving privileges. The trial court denied the petition and defendant appealed. On appeal, defendant argues that his suspension should be rescinded because the officer who arrested him was outside his jurisdiction at the time he arrested defendant, and the officer lacked any statutory authority to make the arrest outside the officer's jurisdiction. We reverse.

At the hearing on the petition to rescind, Officer Jerry Symonds, a police officer with the Village of Woodridge in Du Page County, testified that he was on duty on May 23, 1999, at approximately 1:40 a.m. when he saw a car traveling southbound on Lemont Road at a high rate of speed. Defendant was driving the car Officer Symonds observed, and Officer Symonds was outside of Woodridge when he saw defen-

dant. Officer Symonds testified that defendant was "perhaps" in Woodridge at the time he first observed him. Specifically, Officer Symonds testified that he "[did not] know if [defendant] was in town or out of town. It was that close." Officer Symonds watched as the car got closer to him, and he activated his radar when no other cars were around defendant's car. At the time the radar was activated, defendant was not in any municipality.

The radar showed that defendant was driving 67 miles per hour, and the posted speed limit was 45 miles per hour. Officer Symonds made a U-turn, activated his emergency equipment, drove approximately 80 miles per hour to catch defendant, and eventually stopped defendant approximately a half a mile away in Cook County. After the stop, Officer Symonds notified his dispatch and conducted an investigation. Based on this investigation, Officer Symonds placed defendant under arrest for driving while under the influence of alcohol.

The trial court denied defendant's petition and found that Officer Symonds properly arrested defendant. The court stated that, assuming defendant was outside Woodridge, Officer Symonds was acting as a private citizen when he arrested defendant for speeding, and Officer Symonds only made the arrest after he observed defendant traveling at a high rate of speed. The trial court noted that after making that observation Officer Symonds activated his radar to determine defendant's precise speed. This timely appeal followed.

Defendant argues that Officer Symonds lacked the authority to arrest him because Officer Symonds was outside his jurisdiction at the time he made the arrest and the officer did not have any statutory authority to make the arrest outside his jurisdiction. The State contends that the arrest was a proper citizen's arrest. Specifically, the State argues that the arrest was proper because Officer Symonds first observed defendant driving at a high rate of speed, an observation that a private citizen could make, and then used his radar to determine defendant's precise speed. The State claims that an officer's use of the powers of his office after observing criminal activity does not invalidate the arrest.

■ There are several bases upon which an officer may have jurisdiction to arrest a defendant. Section 7—4—7 of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/7—4—7 (West 1998)) provides that a police district is "[t]he territory which is embraced within the corporate limits of adjoining municipalities within any county in this State." Clearly, an officer has the authority to arrest a defendant within his own police district, and, under certain circumstances, an officer has the power to arrest a defendant when the defendant is outside the officer's jurisdiction. For example, a police officer has the author-

ity to arrest a defendant when the defendant is in a municipality that is in the same county as the officer's jurisdiction. 65 ILCS 5/7—4—8 (West 1998); *People v. Marino*, 80 Ill. App. 3d 657, 661-62 (1980). In addition, a police officer may arrest a defendant if he is investigating an offense that occurred within the officer's jurisdiction and a temporary investigation or arrest outside the officer's jurisdiction is made pursuant to the initial investigation. 725 ILCS 5/107—4(a—3)(1) (West 1998). An officer also may make an arrest outside his jurisdiction if the officer, while on duty, becomes aware of the commission of a felony or misdemeanor violation under Illinois law. 725 ILCS 5/107—4(a—3)(2) (West 1998). Finally, an officer outside his jurisdiction may make an arrest as a private citizen. A private citizen may arrest another when the citizen has reasonable grounds to believe that an offense other than an ordinance violation has been committed. 725 ILCS 5/107—3 (West 1998).

■ Here, under section 7—4—7 of the Municipal Code, Officer Symonds would have the authority to arrest defendant in Woodridge, Officer Symonds's jurisdiction. The testimony revealed that defendant was "perhaps" within Officer Symonds's jurisdiction at the time the officer observed defendant driving at a high rate of speed. The trial court never ruled on whether defendant was within Woodridge at the time Officer Symonds observed him driving at a high rate of speed, and we do not believe, based upon the officer's equivocal testimony, that this court can conclude that defendant was within Woodridge. Thus, we believe that Officer Symonds had no authority to arrest defendant based on an argument that defendant was within Woodridge.

The State argues that, under *People v. Leinweber*, 234 Ill. App. 3d 748 (1992), Officer Symonds did properly arrest defendant because Officer Symonds observed defendant in Woodridge. *Leinweber* provides that an officer may make an investigatory arrest outside the officer's jurisdiction if the officer has reasonable grounds to believe that the defendant committed the offense within the officer's jurisdiction. *Leinweber*, 234 Ill. App. 3d at 750. Here, in contrast to *Leinweber*, Officer Symonds did not testify that he believed defendant was in Woodridge at the time he observed defendant driving at a high rate of speed. Rather, Officer Symonds stated that he did not know whether defendant was in Woodridge or not. Thus, we believe that the State's reliance on *Leinweber* lacks merit.

Under section 7—4—8 of the Municipal Code, Officer Symonds could have the authority to make an arrest outside his jurisdiction and in another municipality as long as the arrest is made in a municipality within the same county as Officer Symonds's jurisdiction. See *Marino*, 80 Ill. App. 3d at 661-62 (sections 7—4—7 and 7—4—8 of the Munici-

pal Code have been construed as extending the power of local police officers to adjoining municipalities that are within the same county). Here, Officer Symonds's jurisdiction is in Woodridge, which is in Du Page County. Officer Symonds testified that he first observed defendant in an area that was "perhaps" in Woodridge. Officer Symonds activated his radar and concluded that defendant was speeding when defendant was not in any municipality, and defendant was finally pulled over in Cook County. Based on the unequivocal evidence, Officer Symonds chose to stop defendant when defendant was in no municipality at all or in a municipality outside Du Page County. Under either circumstance, Officer Symonds did not have the authority to arrest defendant pursuant to section 7—4—8 of the Municipal Code.

We must note that our decision would be quite different if the evidence affirmatively showed that defendant was in a municipality in Du Page County at the time Officer Symonds activated his radar and arrested defendant. The State had the burden of proving that defendant was in an area where Officer Symonds had jurisdiction to arrest defendant, and the evidence failed to provide that Officer Symonds acted within his own jurisdiction or an extension of his jurisdiction when he activated his radar and arrested defendant.

Under section 107—4(a—3)(1) of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/107—4(a—3)(1) (West 1998)), an officer may arrest a defendant if the officer is investigating an offense that occurred in the officer's jurisdiction, and the officer performed a temporary investigation or arrest outside the officer's jurisdiction and pursuant to the initial investigation. Here, as discussed above, we do not believe that this court can conclude that the offense occurred within Woodridge. The officer failed to provide affirmative testimony on that issue, and we cannot conclude, based on the evidence, that defendant was in Woodridge when Officer Symonds first observed him driving at a high rate of speed.

Section 107—4(a—3)(2) of the Code of Criminal Procedure provides that an officer on duty may make an arrest outside the officer's jurisdiction if the officer observes, in another district, the commission of a felony or misdemeanor violation under Illinois law. Here, defendant was arrested for speeding. The statutory provisions on speeding do not indicate what class of crime speeding is; however, section 11—202 of the Illinois Vehicle Code (625 ILCS 5/11—202 (West 1998)) provides that all offenses under this particular chapter, unless otherwise indicated, are petty offenses. Thus, because speeding is not a misdemeanor or felony violation, Officer Symonds had no authority to arrest defendant under section 107—4(a—3)(2) of the Code of Criminal Procedure.

We must note that while it was eventually discovered that defendant was driving while under the influence of alcohol, which, here, is a misdemeanor violation, that information only became known after defendant was arrested. Specifically, no evidence was presented that Officer Symonds observed defendant driving erratically or in a manner that would indicate that defendant was driving while under the influence of alcohol. Thus, we refuse to conclude that Officer Symonds had the authority to arrest defendant under section 107—4(a—3)(2) of the Code of Criminal Procedure when it was *eventually* discovered, after defendant was pulled over, that defendant was driving while intoxicated.

Finally, we must determine whether Officer Symonds had the authority to arrest defendant as a citizen making a citizen's arrest. Section 107—3 of the Code of Criminal Procedure provides that any person may arrest another when the arresting person has reasonable grounds to believe that an offense other than an ordinance violation has been committed. A police officer acting outside his jurisdiction retains all of the rights of a private citizen, and these rights include the right to make a citizen's arrest. *People v. Lahr*, 147 Ill. 2d 379, 382 (1992). When an officer is outside his jurisdiction, he does not possess any greater right to arrest than the right given to private citizens. *People v. Gutt*, 267 Ill. App. 3d 95, 98 (1994). Thus, a police officer outside his jurisdiction may not use the powers of his office, such as a radar gun, to make the arrest when those same powers are not available to the public. *Lahr*, 147 Ill. 2d at 383. Nevertheless, when an officer's own observations provide a sufficient basis to arrest the defendant, an officer subsequently may use the powers of his office to make the arrest. *People v. Ciesler*, 304 Ill. App. 3d 465, 471 (1999).

The first issue that needs to be addressed is whether Officer Symonds, acting as a private citizen, could use a radar gun to determine that defendant was speeding and to make an arrest based solely on the information he received from the radar gun reading. Here, the use of the radar gun took the arrest outside the purview of a citizen's arrest because private citizens generally do not have access to radar guns. *Lahr*, 147 Ill. 2d at 383. Thus, the use of the radar gun was an assertion of Officer Symonds's police authority, and once the officer used the powers of his office to make the arrest as a citizen, without first observing criminal activity, the arrest was invalidated. *Lahr*, 147 Ill. 2d at 383-84.

The question then becomes whether Officer Symonds actually observed defendant speeding before he used his radar gun. The testimony showed that Officer Symonds observed defendant driving at a high rate of speed. A high rate of speed could very well mean 45

miles per hour, which was the posted speed limit. The problem is that Officer Symonds never testified that he observed defendant speeding. We would be presented with a very different situation if Officer Symonds testified that he had experience as a traffic officer, knew when cars were speeding, and observed, based on his experience, that defendant was speeding. Without this type of evidence, we cannot say that Officer Symonds saw defendant speeding and then used his radar only after making this visual observation.

Defendant argues that the arrest was not a proper citizen's arrest because, among other things, Officer Symonds drove approximately 80 miles per hour in a 45-mile-per-hour speed zone in order to overtake defendant. Defendant claims that Officer Symonds could not act in this manner to catch defendant because an officer outside his jurisdiction does not possess any greater right to arrest than the right given to private citizens. See *Gutt*, 267 Ill. App. 3d at 98. Defendant argues that a private citizen could not speed in order to catch a speeder and, thus, Officer Symonds, acting as a private citizen, could not speed in order to arrest defendant. We agree. Officer Symonds, who was outside his jurisdiction, acted beyond the rights given to private citizens when he exceeded the speed limit in order to arrest defendant.

For these reasons, the judgment of the circuit court of Du Page County is reversed.

Reversed.

INGLIS and GEIGER, JJ., concur.