THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JODY E. KLEUTGEN, Defendant-Appellee.

Second District   No. 2—04—1121

Opinion filed August 1, 2005.

Melissa S. Barnhart, State's Attorney, of Yorkville (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Kevin T. Busch, of Batavia, for appellee.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

The State appeals from orders of the circuit court of Kendall County rescinding the summary suspension of the driver's license of defendant, Jody E. Kleutgen, and quashing her arrest. The court entered the orders because it found that defendant's out-of-jurisdiction arrest by the chief of police of Sheridan, a village in La Salle County, was improper. Because we hold that the arrest was proper as an arrest by a private person under section 107—3 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/107—3 (West 2002)), we reverse and remand.

On April 27, 2004, a Kendall County sheriff's deputy cited defendant for driving with a suspended license (625 ILCS 5/6—303 (West 2002)), driving under the influence (625 ILCS 5/11—501(a)(1), (a)(2) (West 2002)), and improper lane use (625 ILCS 5/11—709(a) (West 2002)). Because defendant's blood-alcohol concentration tested as 0.23, the Secretary of State summarily suspended her driver's license pursuant to section 11—501.1 of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11—501.1 (West 2002)). The State ultimately charged her with the cited offenses.

Defendant petitioned to rescind the summary suspension under section 2—118.1 of the Vehicle Code (625 ILCS 5/2—118.1 (West 2002)) on the basis, *inter alia*, that she was not properly arrested. She also moved to quash her arrest and suppress the evidence resulting from it. In the motion, she alleged that she was arrested in Kendall County, but that the officer who arrested her was Charles Bergeron, the chief of police of Sheridan, a village entirely in La Salle County. Bergeron, she contended, improperly acted under color of authority by using his squad car's emergency lights and police radio to arrest her while he was outside his jurisdiction. The court granted the petition and the motion in a written order.

Defendant's sole witness at the hearing was Bergeron. He testified that he was the chief of police of the village of Sheridan, in La Salle County. On April 4, 2004, at about 1:35 a.m., he was off duty and was

driving home. He was, however, in uniform and in a marked squad car. He was eastbound on Newark Road in Kendall County when he noticed defendant's car in front of him; it crossed three feet over the road's centerline and then back and onto the eastbound side shoulder. Following it, Bergeron saw the car cross the centerline another three times and veer onto the shoulder once more. Bergeron contacted the Kendall County dispatch center. The dispatcher told him that no sheriff's deputy was in the area and that he should make a traffic stop himself. While speaking with the dispatcher, Bergeron saw the car veer once more into the oncoming lane.

Bergeron turned on his emergency lights and stopped the car at the intersection of Illinois Route 47 and U.S. Route 52. Defendant was driving, and she had a male passenger. Bergeron asked both for their drivers' licenses and told the two to remain in the car. Defendant had difficulty getting her driver's license out. Bergeron gave the dispatcher the information from the licenses. Ten minutes later, a Kendall County deputy arrived and began his own investigation, ultimately citing defendant for the offenses noted above.

Bergeron agreed that he was outside his jurisdiction when he noticed defendant's car and did not reenter his jurisdiction anytime while he was following it. The State presented no evidence of its own.

The court granted defendant's petition to rescind and her motion to quash, finding that "Chief Bergeron was acting as a police officer under the color of his office and therefore he did not have the statutory authority to arrest the defendant when off duty and outside his jurisdiction." It further ruled that Bergeron's arrest of defendant was not a valid arrest by a private person under section 107—3 of the Code of Criminal Procedure (725 ILCS 5/107—3 (West 2002)).

The State moved to reconsider, contending that the court had erred in ruling that improper lane use was not an "offense other than an ordinance violation" under section 107—3. The State argued that improper lane use is a petty offense, for which a private person may make an arrest, and that, further, if the private person is an out-of-jurisdiction peace officer, his or her use of the powers of office to make the arrest does not invalidate it.

The court denied the motion to reconsider, ruling that, assuming *arguendo* that "Bergeron was not acting as a police officer, improper traffic lane usage is not a crime." The State, having filed a certificate of impairment, now appeals.

The State asserts (among many other things) that defendant's arrest was proper as an arrest by a private person under section 107—3 of the Code of Criminal Procedure, which provides that "[a]ny person may arrest another when he has reasonable grounds to believe that an

offense other than an ordinance violation is being committed." 725 ILCS 5/107—3 (West 2002). We agree. The parties do not dispute that Bergeron saw defendant's car veering in and out of its lane before he arrested her. This gave Bergeron probable cause to believe that the driver was committing improper lane use, an offense under the Vehicle Code. See *People v. Smith*, 172 Ill. 2d 289, 297 (1996) (an officer's seeing the defendant's vehicle cross a lane marking gave him probable cause for an arrest for improper lane use). Further, Bergeron's use of his emergency lights did nothing to invalidate the arrest.

Generally, we will not reverse a trial court's ruling on a petition for rescission unless the ruling was against the manifest weight of the evidence. *Smith*, 172 Ill. 2d at 295. However, when the facts are undisputed, the matter becomes one of law, and our review is *de novo*. See *Village of Mundelein v. Thompson*, 341 Ill. App. 3d 842, 848 (2003). Further, we review a trial court's determination of the facts underlying its ruling on a motion to quash arrest under a manifest-weight-of-the-evidence standard, but review *de novo* its determination of whether, under those facts, the arrest was proper. See *People v. Ortiz*, 355 Ill. App. 3d 1056, 1064 (2005). Thus, when the facts are not in dispute, our review is simply *de novo*. Here, our analysis is based on the essential, undisputed facts that Bergeron was out of his jurisdiction, saw defendant's car weaving, and arrested her using his car's police radio and emergency lights. Our review is therefore *de novo*.

Defendant asserts that certain facts—that her driver's license was suspended at the time of her arrest, that Bergeron was on duty at that time, and that he was in contact with a Kendall County peace officer before making the arrest—are in dispute and that, therefore, the judgment should be subject to manifest-weight-of-the-evidence review. However, these purportedly disputed facts play no part in our analysis. Thus, we conduct *de novo* review based on the undisputed facts.

We turn now to the core point, that Bergeron properly arrested defendant pursuant to section 107—3 of the Code of Criminal Procedure: "[a]ny person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation is being committed." 725 ILCS 5/107—3 (West 2002). The arguments raised by the parties require us to consider three points: (1) whether an out-of-jurisdiction peace officer is among those who may make an arrest under this section; (2) whether improper lane use is an "offense other than an ordinance violation" for the purposes of the section; and (3) whether an out-of-jurisdiction officer may use emergency lights and other equipment and powers restricted to peace officers in making an arrest under the section. In each case, we hold that the answer is yes.

■ It is well established that a peace officer outside his or her jurisdiction may use section 107—3 as a basis for making an arrest. *E.g., People v. Lahr*, 147 Ill. 2d 379, 382 (1992). In other words, when he leaves his or her jurisdiction, an officer does not lose the power to arrest that is possessed by any other person.

■ Next, improper lane use is an "offense other than an ordinance violation" for the purposes of creating authority to arrest under section 107—3. Section 107—3 is a part of the Code of Criminal Procedure, which defines "offense" as "a violation of any penal statute of this State." 725 ILCS 5/102—15 (West 2002). A "penal statute" is simply one that prohibits some act and prescribes a punishment. See *People v. Graf*, 93 Ill. App. 2d 43, 47-48 (1968). Improper lane use is punishable by a fine. See 625 ILCS 5/16—104 (West 2002); 730 ILCS 5/5—1—17 (West 2002). Therefore, section 11—709 of the Vehicle Code (625 ILCS 5/11—709 (West 2002)), which contains the prohibition on improper lane use, is a penal statute. Furthermore, section 11—709 of the Vehicle Code is an enactment of the General Assembly, and thus is a state statute, not an ordinance. *City of Peoria v. Toft*, 215 Ill. App. 3d 440, 443-44 (1991); see also *Namur v. Habitat Co.*, 294 Ill. App. 3d 1007, 1013 (1998) (an ordinance is a municipal statute). Improper lane use is therefore an offense other than an ordinance violation, and a person may properly arrest another for improper lane use pursuant to section 107—3 of the Code of Criminal Procedure. Earlier cases reached the same conclusion. *E.g., People v. Gupton*, 139 Ill. App. 3d 530, 533 (1985).

■ Finally, Bergeron's use while arresting defendant of his car's emergency lights and other facilities unavailable to a private person did not invalidate that arrest. The use of powers and equipment limited to peace officers is acceptable in an arrest under section 107—3 (*People v. Marino*, 80 Ill. App. 3d 657, 665 (1980)), provided that such powers and equipment are not used out of jurisdiction to gather the evidence that justified the arrest (*Lahr*, 147 Ill. 2d at 383). We first examine the precedent considering the use of special powers and equipment in making an arrest, and then consider defendant's contention that Bergeron used powers and equipment limited to peace officers to gather the evidence that led to her arrest.

The use by an out-of-jurisdiction officer of powers and equipment limited to peace officers in making an arrest does not affect the validity of an arrest under section 107—3. *Lahr* is the leading case on arrests under section 107—3 by out-of-jurisdiction peace officers. In *Lahr*, a Sleepy Hollow police officer using a radar gun arrested the defendant for speeding. The defendant and the officer were outside the officer's jurisdiction when the defendant committed the offense,

*i.e.*, when the officer made the measurement. *Lahr*, 147 Ill. 2d at 381, 385. The court held that, because an officer's powers to make an arrest under section 107—3 are no greater than any other person's, the use of a radar gun (whose availability, as a practical matter, is limited to peace officers) made the arrest improper. *Lahr*, 147 Ill. 2d at 386-87. This reasoning might seem to also make improper any arrest under section 107—3 in which the officer used any of the indicia of his or her police authority, since those also are unavailable to private individuals. However, the *Lahr* court specifically distinguished *Marino*, in which this court held that an arrest effected under (unspecified) assertions of official police authority can be proper under section 107—3, on the basis that the police in *Marino* did not use any powers limited to peace officers *to collect evidence*. *Lahr*, 147 Ill. 2d at 384. Later cases have maintained this distinction. For instance, in *People v. Shick*, 318 Ill. App. 3d 899, 905 (2001), a Third District panel held that an officer's use of his police radio, MARS lights, spotlight, and gun did not affect the validity of an arrest made under section 107—3. Thus, an arrest under section 107—3 becomes improper only if an out-of-jurisdiction officer used the powers or equipment to collect the evidence that justified the arrest.

This court, in *People v. Kirvelaitis*, 315 Ill. App. 3d 667 (2000), sowed some confusion about the effect of the use of powers limited to peace officers. In that case, we considered whether an out-of-jurisdiction officer's use of a radar gun and his speeding to make an arrest invalidated an arrest under section 107—3. *Kirvelaitis*, 315 Ill. App. 3d at 669. Initially, this court clearly stated the proper rule: "when an officer's own observations provide a sufficient basis to arrest the defendant, an officer subsequently may use the powers of his office to make the arrest." *Kirvelaitis*, 315 Ill. App. 3d at 672. Later, it seemed to hold that an officer may use only the powers an ordinary citizen has in making an arrest:

> "Defendant argues that the arrest was not a proper citizen's arrest because, among other things, Officer Symonds drove approximately 80 miles per hour in a 45-mile-per-hour speed zone in order to overtake defendant. *** Defendant argues that a private citizen could not speed in order to catch a speeder and, thus, Officer Symonds, acting as a private citizen, could not speed in order to arrest defendant. We agree. Officer Symonds, who was outside his jurisdiction, acted beyond the rights given to private citizens when he exceeded the speed limit in order to arrest defendant." *Kirvelaitis*, 315 Ill. App. 3d at 673.

*Lahr* mandated the result in *Kirvelaitis*, because the arresting officer used a radar gun to gather the evidence necessary to justify the arrest.

See *Kirvelaitis*, 315 Ill. App. 3d at 672. However, the suggestion that the use of police authority for purposes other than evidence gathering has any effect of the validity of an arrest under section 107—3 is simply wrong.

Here, defendant argues that Bergeron used his emergency lights and police radio to gather the evidence needed to justify defendant's arrest. We disagree. Neither played any part in Bergeron's observation that defendant's car was weaving in and out of its lane, which was enough for him to arrest defendant for improper lane use. See *Smith*, 172 Ill. 2d at 297.

For the reasons given, we reverse the order of the circuit court of Kendall County granting defendant's petition for rescission of the summary suspension of her driver's license and quashing her arrest, and we remand the matter for further proceedings consistent with this decision.

Reversed and remanded.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.